No. 816

DAYTON POWER & LIGHT CO. v. SHADE et.

Ohio Appeals, 2nd Dist., Montgomery Co.
No. 792. Decided July 28, 1927.

452. ELECTRIC LIGHT COMPANIES— 1028. Res Ipsa Loquitor—Where fire originates from high tension wire, doctrine of res ipsa loquitor applies and governs liability of company.

Error to Common Pleas.
Judgment affirmed.

Matthews & Matthews, Dayton, for Power Co.

I. L. Jacobson and W. S. Rhotehamel, Dayton, for Shade et.·

FERNEDING, J.

This action was brought by Malinda Shade et, against the Dayton Power and Light Co., to recover damages growing out of the burning of a barn and its contents. She alleges, in her petition, that the fire was caused by the falling, upon said barn, of certain high tension wires maintained, adjacent thereto, by the Light Company. She charged that the Company negligently permitted said wires to become defective and out of repair. The case was tried, resulting in a verdict in favor of Shade. Motion for a new trial having been filed and overruled, error is prosecuted in this court.

The case is one of great importance, not only as to the amount involved in this particular case, but as a precedent in determining the liability, in general, of electric light companies operating high tension wires throughout the country. It is strongly urged, by counsel for plaintiff in error, that the verdict and judgment are contrary to the weight of the evidence and also contrary to law.

The chief question of fact is whether the fire, which consumed the barn and its contents, originated from a contact with one of the high tension wires of the Light Company or from some other cause.

This question of fact is one, we think, for the jury to consider in determining the conflict of evidence. After reviewing this evidence, in connection with the arguments and briefs of counsel, we have reached the conclusion that .the verdict, as returned, is not contrary to the manifest weight of the evidence.

This brings us to the question of res ipsa loquitor.

When the jury determined the question of fact, that the fire originated from the high tension wires of the defendant company, we then reach the conclusion that the doctrine of res ipsa loquitor would apply and govern the liability of the company in respect to a fire originating from said cause.

In so deciding, we have considered carefully the following cases: Traction Co. v. Holgenkamp, 74 OS. 379; Loomis v. Toledo Ry. & Light Co., 107 OS. 161; St. Mary's Gas Co. v. Brodbeck, 117 OS. 423; Glowacki v. Northwestern Ohio Ry. & Power Co., which was decided by the Supreme Court recently as May 11, 1927.

All the assignments of error presented in the briefs and oral arguments of counsel, we have considered carefully and are of the opinion that the judgment of the Court of Common Pleas should be affirmed.